GEORGE P. HASSAM *v.* LEWIS HASSAM, JR.

When the cattle of the plaintiff were depastured in the field of the defendant without right, or license, and as a mere tort, it was held, that the defendant could not, without some agreement between the parties, change it into a contract, and recover therefor in an action on book account.

In an action upon book account, it is the duty of an auditor to merely adjust the accounts between the parties; a mere independent offset, not a matter of account, must be pleaded in the county court. A judgment, which the defendant has recovered against the plaintiff, cannot be given in evidence before the auditor as a defence to the plaintiff's book account.

But if the judgment be pleaded in offset in the county court, a replication of a tender of the amount due upon it, made after the commencement of the action upon book account, will be sufficient,—the judgment being an independent claim, which cannot be considered as in litigation between the parties, until pleaded in offset.

BOOK ACCOUNT. The action was commenced before a justice of the peace, the writ being served July 7, 1848, and came to the county court by appeal. Judgment to account was rendered, and an auditor was appointed, who reported as follows. The defendant presented an account against the plaintiff, in which was a charge of $1,68 for pasturing the plaintiff's cattle. The cattle were not pastured at the plaintiff's request, nor under any express contract. The plaintiff had knowledge, that his cattle were running in the defendant's pasture, there being no sufficient fence to enclose it; and the defendant claimed, that it was the duty of the plaintiff to build the fence, or a portion of it,—which the plaintiff declined doing. The defendant notified the plaintiff, that he should let his pasture lie common, and afterwards, after the cattle had been running there some time, said to the plaintiff, that if he did not repair the fence, he should charge him for the pasturing. The pasturing was worth the sum charged; but the auditor disallowed the item. The defendant also offered, as an offset to the plaintiff's account, a judgment recovered by him against the plaintiff. This was rejected by the auditor, as not admissible in this action. The auditor found due to the plaintiff a balance of $7,92.

In the county court the defendant pleaded in offset the same judg-

ment, offered as an offset before the auditor, rendered by a justice of the peace, July 6, 1848, for $5,24 damages and $5,24 costs. The plaintiff replied, that after the rendition of said judgment, and before the same was pleaded in offset, to wit, August 1, 1848, he tendered to the defendant $10,75 in satisfaction of the same, which the defendant refused to receive, and that he had ever since been ready to pay the same sum to the defendant, and that he now brought the same into court, ready to pay to the defendant, if he would receive the same.    To this replication the defendant demurred specially.    From the record of the justice of the peace, before whom this suit was commenced, it appeared, that the defendant there pleaded in offset the same judgment, and the plaintiff replied a tender, made after the commencement of this suit, but before the time of trial.

The county court, November Term, 1849,—Redfield, J., presiding,—adjudged the replication sufficient, and rendered judgment for the plaintiff, upon the report, for the sum found due by the auditor.    Exceptions by defendant.

*H. Carpenter* for defendant.

There was error in disallowing the charge for pasturing.  The plaintiff should not complain, if the defendant waives the tort and counts upon an implied promise to pay.

The auditor erred in rejecting the judgment offered as an offset to the plaintiff's account.   In *Pratt* v. *Gallup,* 7 Vt. 344, and *May* v. *Brownell,* 3 Vt. 463, the court held, that " a party may avail himself of any defence before the auditor, which he could plead in the county court."

If this were a case, where the plaintiff could make a legal tender, it should have been done before the commencement of this action. This is not alleged in the replication.   Bro., Tender, *pl.* 9.   Bac. Abr., Tender D.   Chit. on Cont. 305.   3 Chit. Pl. 955.

The money should have been brought into court, when the case was entered in the county court.   The replication does not allege, that this was done.   1 Tidd's Pr. 669.   5 Shep. 43.   *Currie* v. *Thomas,* 8 Port. 293.   2 Dall. 190.   1 Bibb 272.   14 Wend. 221.

This is not a case, where the plaintiff could make a tender, so as to deprive the defendant of his right to offset the judgment against

the book account of the plaintiff. The defendant was not obliged, while the suit was pending, to receive the pay on a single charge of his account, or on any offset he might have, at the hazard of having this payment turn the suit against him. *Wing* v. *Hurlburt,* 15 Vt. 607. *Pratt* v. *Gallup,* 7 Vt. 344.

*J. L. Buck* for plaintiff.

The item for pasturing was properly disallowed. The law will not imply a promise, when there is neither a *request,* nor an acknowledgment of the *right* of the party making the charge.

The judgment was properly rejected by the auditor. It is not book account.

The tender, in this case, was not made to the declaration, but to the subject matter of the plea in offset; and *if made before the* judgment was pleaded in offset, it was sufficient; for a tender to an offset, made before the offset is pleaded, is the same, in effect, as a tender on the original cause of the suit before service of the plaintiff's writ. Rev. St. 212.

There was no necessity of bringing the money into court, until the tender could be pleaded there, and no allegation, that it was before brought in, was necessary. The plea is sufficient, for aught that appears by the demurrer, for the reason, that the tender might well have been pleaded in the county court, if it had never been pleaded before the justice.

The opinion of the court was delivered by

POLAND, J. 1. The item of $1,68 in the defendant's account, for pasturing the plaintiff's cattle, was properly disallowed by the auditor. If the plaintiff were liable at all to pay the defendant for his cattle going upon his land, it could only be enforced by some action in form *ex delicto.* There was no request on the part of the plaintiff to have his cattle go there, and no license, or permission, given by the defendant. If the plaintiff were liable at all to the defendant, (which it is not necessary now to decide,) it was a mere *tort;* and the defendant could not, without some agreement between the parties, change it into a contract. The very question has been fully considered by the court at this term in the case of *Stearns* v. *Dillingham,* and the views of the court are fully given in that case.

2. The auditor was correct, also, in refusing to allow the amount of the judgment in favor of the defendant against the plaintiff. The judgment was not a proper item of *account* between the parties; and, indeed, it was not claimed to be allowed by him as such, but as an offset merely. The duty of an auditor is merely to adjust the accounts between the parties to the time of making his report; any defence to any item of the *account* may be set up before the auditor, —such as payment, tender, or the statute of limitations; but a mere independent offset, not a matter of account, must be pleaded in the county court. Such has been the uniform practice and course of decisions in this state, and such we deem the more correct and convenient practice.

3. As to the defendant's plea in offset and the plaintiff's replication of tender. The defendant claims, that the tender of the amount of his judgment, being subsequent to the commencement of the plaintiff's suit on book account, was too late in point of time and cannot avail the plaintiff to defeat the offset.

It is undoubtedly true, that, if the defendant's judgment had been a proper item of account between the parties, the tender could not have been made subsequent to the commencement of the plaintiff's suit. The *accounts* between the parties are considered as *entire*, and neither party can single out a particular item and make a valid tender upon it, and thereby change the balance between the parties. Such were the cases of *Pratt* v. *Gallup* and *Wing* v. *Hurlburt.* But in this case the judgment was a distinct, independent claim, and could not be considered as in litigation between the parties, until it was pleaded in offset;—the pleading it in offset is to be considered as the commencement of proceedings upon the judgment. The defendant was not bound to plead it in offset. He might enforce it by execution, or by a separate suit upon it. Until the judgment was pleaded in offset, we think the plaintiff clearly had the right to make a tender of it to the defendant. This point was decided, on the present circuit, in Orange county, in the case of *Town of Thetford* v. *Hubbard.*

It is objected, that this tender was not brought into the justice court, when the case was first tried. As this question is raised upon a demurrer, it must be decided upon what appears upon the pleadings. Nothing appears upon the face of the pleadings, but

what the offset was first pleaded in the county court, and that this was the first opportunity the plaintiff had to set up his tender; and if so, he certainly could not be called upon to bring the tender into court, until it became necessary to plead it.

We are not prepared to say, however, even if it appeared, that the offset was pleaded before the justice and the plaintiff omitted to reply the tender then, that he could not afterwards do it, when the offset was pleaded in the county court;—but we do not decide that point, as it does not become necessary in the determination of the case here.

We see no objection whatever to the form of the plea in offset, or the replication of tender.

The judgment of the county court is therefore affirmed.